IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VINCENT DEMARTINO,** | : | |
|     Petitioner | : | |
| | : | No. 1:20-cv-1657 |
| v. | : | |
| | : | (Judge Kane) |
| **WARDEN OF LSCI ALLENWOOD,** | : | |
|     Respondent | : | |

**MEMORANDUM**

On September 11, 2020, pro se Petitioner Vincent DeMartino ("Petitioner"), a federal prisoner incarcerated at the Federal Correctional Institution at Allenwood ("FCI Allenwood") in White Deer, Pennsylvania, initiated the above-captioned case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 arguing that the Federal Bureau of Prisons ("BOP") incorrectly determined that Petitioner has a past history of violence offenses for purposes of his custody classification and that he should be released to home confinement. (Doc. No. 1.) In an Order dated September 18, 2020, the Court directed Respondent to file a response to the § 2241 petition within twenty (20) days. (Doc. No. 5.) Respondent filed the answer on October 7, 2020. (Doc. No. 7.) Petitioner filed a traverse on October 27, 2020. (Doc. No. 8.) After a review of the relevant pleadings, the Court issued an Order on April 23, 2021, directing the Respondent to file a supplemental answer addressing the merits of Petitioner's claim. (Doc. No. 9.) Respondent filed a supplemental answer on May 3, 2021. (Doc. No. 10.) Petitioner filed a supplemental traverse on May 26, 2021. (Doc. No. 11.) Accordingly, Petitioner's § 2241 petition is ripe for disposition. For the following reasons, the Court will dismiss Petitioner's § 2241 petition without prejudice.

I.  BACKGROUND

On May 13, 1986, Petitioner was convicted by jury in the United States District Court for the Eastern District of New York of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 and possession of property stolen from a bank in violation of 18 U.S.C. § 2113(c).  (Doc. No. 10 at 3.)  Petitioner was sentenced to a total of fifteen years of imprisonment on June 19, 1986.  (Id.)  Petitioner was eventually released from prison.  (Id.)

Petitioner incurred further federal charges after his release.  Specifically, he was convicted by jury on February 27, 2003, of conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5), assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3), and discharge of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) in the United States District Court for the Eastern District of New York.  (Id.)  "Evidence at a two-week jury trial in 2004 established that Mr. DeMartino, a 'made' member of the Colombo crime family, was the gunman in the shooting and attempted murder of Joseph Campanella, a Colombo family 'soldier.'"  See United States v. DeMartino, No. 03-cr-285, Doc. 234 at 1 (E.D.N.Y.).  Petitioner was sentenced to a total of twenty-five years of imprisonment.  (Doc. No. 10 at 3.)  According to the BOP's inmate locator, Petitioner is set to be released on July 14, 2024.

After Petitioner was sentenced to his second term of imprisonment, the BOP considered the appropriate custody classification for him.  The BOP assessed Petitioner with two security points due to his past history of violence.  (Id. at 3-4.)  In addition, the BOP assigned Petitioner a public safety factor because his current conviction is for an offense in the "greatest severity" category.  (Id. at 4.)  Petitioner's combined security points and public safety factor mandate his confinement in a low security institution rather than a minimum security institution.  (Id.)

2

On April 15, 2020, Petitioner filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c) in the United States District Court for the Eastern District of New York. See United States v. DeMartino, No. 03-cr-285, Doc. No. 222 (E.D.N.Y.). That motion was denied on May 26, 2020, with the court explaining that "the § 3553(a) factors and Sentencing Commission policy statements weight heavily against release—Mr. DeMartino was incarcerated for a violent criminal act and his criminal record is replete with prior incidents of criminal conduct, some of which followed shortly after he completed periods of incarceration." See United States v. DeMartino, No. 03-cr-285, Doc. 234 at 2 (E.D.N.Y.).

In the instant petition, Petitioner argues that the BOP made an "[e]rroneous determination that Petitioner has a past history of a violent offense." (Doc. No. 1 at 2.) Petitioner further argues that the BOP wrongfully utilized an outdated definition of a violent offense in BOP Program Statement 5162.05. (Id. at 6.) Petitioner "seeks an order from this Court to correct the Bureau of Prisons erroneous violent offender designation that would subsequently make him eligible for home confinement through the provisions set forth in the Elderly Home Confinement Program . . . or the newly-enacted CARES Act." (Doc. No. 2 at 1.) As to the exhaustion of his administrative remedies, Petitioner provides that he has exhausted his administrative remedies regarding "the inappropriate violence classification based on his current offense." (Doc. No. 1 at 2.) Petitioner also attaches as an exhibit to his brief in support of his petition his grievance and responses. (Doc. No. 2 at 9-13.) The grievance and appeals also reference release under the elderly home confinement program. (See id.) They do not, however, reference release under the CARES Act. Respondent's initial answer argued that Petitioner's petition was an abuse of the writ as he had previously filed a § 2241 petition raising the same claims in this Court. (Doc. No. 7.) Petitioner, however, voluntarily dismissed that petition and elected to proceed with this one.

In light of that action, the Court directed Respondent to file a supplemental answer on the merits. (Doc. No. 9.) In the supplemental answer, Respondent argues that the Court lacks jurisdiction over Petitioner's claims. (Doc. No. 10.)

## II.  DISCUSSION

A habeas petition brought pursuant to § 2241 is the proper vehicle for an inmate to challenge "the fact or length of confinement" or the "execution" of the confinement. See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241-42 (3d Cir. 2005). In determining whether the Court has jurisdiction over the claims in a § 2241 petition, the Court must consider whether granting the petition would "necessarily imply" a change to the fact, duration, or execution of the petitioner's sentence. See Mabry v. Warden Allenwood FCI Low, 747 F. App'x 918, 919 (3d Cir. 2019) (quoting McGee v. Martinez, 627 F.3d 933, 936 (3d Cir. 2010)).

As to Petitioner's challenge to his custody classification in which he claims that the BOP has wrongly determined that he has a primary or prior violent offense, the Court lacks jurisdiction over such a challenge, because it is "unrelated to the execution of his sentence" and is simply a "garden variety" challenge to his classification. See Mabry, 627 F.3d at 919 (affirming dismissal of § 2241 petition in which petitioner sought to challenge his custody classification). Specifically, in order for Petitioner to state a cognizable claim regarding his custody classification, he would need to demonstrate that granting the petition would "necessarily imply" a change to the fact, duration, or execution of the petitioner's sentence. See id. (citing McGee v. Martinez, 627 F.3d 933, 936 (3d Cir. 2010)). The decision to transfer an inmate to home confinement is not an entitlement or foregone conclusion if the inmate meets the criteria; the BOP retains the sole discretion to determine which, if any, inmate is transferred to

home confinement.  See 18 U.S.C. § 3621(b) (vesting the BOP with the sole discretion to designate a prisoner's place of imprisonment); 34 U.S.C. § 60541(g)(1)(B) (providing that "the Attorney General may release some or all eligible elderly offenders . . . to home detention").  Thus, granting the petition on this claim—that Petitioner should have a lesser custody classification—would not "necessarily imply" a change to the fact, duration, or execution of Petitioner's sentence because the BOP could still decide not to grant Petitioner home confinement.  Petitioner is free to raise this claim in a civil action brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  See Mabry, 627 F.3d at 919 (noting that "the District Court correctly dismissed Mabry's § 2241 petition without prejudice to the filing of a Bivens action").

As to Petitioner's argument that he should be immediately eligible for release under the CARES Act, Petitioner has failed to exhaust his administrative remedies regarding this claim.  A prisoner must exhaust all stages of the administrative remedy system before filing a habeas petition under 28 U.S.C. § 2241.  See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); Arias v. U.S. Parole Comm'n, 648 F.2d 196 (3d Cir. 1981).  Requiring inmates to exhaust their remedies serves a number of purposes, such as "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." See Moscato, 98 F.3d at 761-62.  Exhaustion of administrative remedies requires compliance with an agency's deadlines, other critical procedural rules, and all steps of the available administrative process.  See Woodford v. Ngo, 548 U.S. 81, 90-92 (2006); Jones v. Bock, 549 U.S. 199, 218 (2007) (holding that proper exhaustion is defined by applicable prison requirements).

Here, Petitioner has not exhausted any request to be considered for relief pursuant to the CARES Act; his administrative grievance was limited to his custody status and release under the elderly home confinement program in the First Step Act. Although futility may be an exception to the exhaustion of administrative remedies, see Lyons v. U.S. Marshals, 804 F.2d 202, 205 (3d Cir. 1988), Petitioner makes no argument regarding futility and the Court can discern none from a comprehensive review of the petition and supporting memorandum of law. Notably, over the past year, district courts have repeatedly held that prisoners are still required to exhaust their administrative remedies as to requests for home confinement and that exhaustion in such a circumstance is not futile, even in the context of a pandemic. See, e.g., Gottstein v. Finley, No. 20-cv-935, 2020 WL 3078028, at *3-4 (M.D. Pa. June 10, 2020); Jackson v. White, No. 20-cv-919, 2020 WL 3036075, at *7 (M.D. Pa. June 5, 2020). Petitioner has failed to exhaust his administrative remedies regarding his CARES Act claim, and he has also failed to demonstrate that doing so would be futile. As such, this claim must be dismissed.[1]

Finally, to the extent that Petitioner seeks to raise a claim for elderly home confinement release under the First Step Act, the Court lacks jurisdiction over that claim to the extent that he intended to bring it pursuant to 18 U.S.C. § 3582(c)(1)(A). A motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) must be brought in Petitioner's sentencing court. See 18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d 594, 596 (3d Cir. 2020 (noting that a defendant must submit a motion for compassionate pursuant to the First Step Act pursuant to §

---

[1] The Court notes that the administrative remedy process is still available to Petitioner, and thus Petitioner's claim is not procedurally defaulted. In the alternative, if the claim were procedurally defaulted, Petitioner has failed to present any cause for his failure to exhaust his administrative remedies. See Moscato, 98 F.3d at 761 (stating that "if a prisoner has failed to exhaust his administrative remedies due to a procedural default and the default renders unavailable the administrative process, review of his habeas claim is barred unless he can demonstrate cause and prejudice").

3582(c)(1)(A) to his or her sentencing court).  Petitioner was sentenced in the United States District Court for the Eastern District of New York, and he must bring any such claim in a motion in that court.

To the extent that Petitioner seeks elderly home confinement pursuant to 34 U.S.C. § 60541(g), Petitioner has failed to establish that he is entitled to release.  Under that statute, "the Attorney General may release some or all eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities to home detention, upon written request from either the Bureau of Prisons or an eligible elderly offender or eligible terminally ill offender."  See 34 U.S.C. § 60541(g)(1)(B).  The statute defines an eligible elderly offender as an offender:

(i) who is not less than 60 years of age;

(ii) who is serving a term of imprisonment that is not life imprisonment based on conviction for an offense or offenses that do not include any crime of violence (as defined in section 16 of Title 18), sex offense (as defined in section 20911(5) of this title), offense described in section 2332b(g)(5)(B) of Title 18, or offense under chapter 37 of Title 18, and has served 2/3 of the term of imprisonment to which the offender was sentenced;

(iii) who has not been convicted in the past of any Federal or State crime of violence, sex offense, or other offense described in clause (ii);

(iv) who has not been determined by the Bureau of Prisons, on the basis of information the Bureau uses to make custody classifications, and in the sole discretion of the Bureau, to have a history of violence, or of engaging in conduct constituting a sex offense or other offense described in clause (ii);

(v) who has not escaped, or attempted to escape, from a Bureau of Prisons institution;

(vi) with respect to whom the Bureau of Prisons has determined that release to home detention under this section will result in a substantial net reduction of costs to the Federal Government; and

> (vii) who has been determined by the Bureau of Prisons to be at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention.

See 34 U.S.C. § 60541(g)(5)(A).  Petitioner's custody classification is unrelated to the definition of a crime of violence for the elderly home confinement program, because it is defined by statute.  Petitioner was convicted of a "crime of violence" as that term is used in the elderly home confinement program, which would preclude him from participation in the program.  Specifically, for the purposes of this statute, a crime of violence is defined as: "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (2) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  See 18 U.S.C. § 16.

Petitioner was convicted of, inter alia, assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3).  Assaulting someone with a dangerous weapon is "the use . . . of physical force against the person."  See 18 U.S.C. § 16(a).  Further, Petitioner's offenses are all felonies that, "by [their] nature, involve[] a substantial risk that physical force against the person . . . may be used in the course of committing the offense."  See 18 U.S.C. § 16(b).

Moreover, even if Petitioner had demonstrated that he is entitled to relief, the Court would likely lack the authority the order Petitioner's release to home detention.  The United States Court of Appeals for the Fifth Circuit has recently held that only the Attorney General and the BOP may place an offender in elderly home detention pursuant to § 60541:

> The statute [§ 60541(g)(1)(B)] does not give authority to the federal courts to place an offender in the Program; that authority is given to the Attorney General.  Moreover, the Attorney General is not required to place eligible offenders in the Program, but "may release some or all" of them for participation in the Program.  Consequently, we conclude that Congress

8

> has vested the executive branch, not the judicial branch, with the power to decide which prisoners may participate in the Program.

See Melot v. Bergami, 970 F.3d 596, 599-600 (5th Cir. 2020); see also 18 U.S.C. § 3621(b) (vesting the BOP with the sole discretion to designate a prisoner's place of imprisonment, which "is not reviewable by any court").

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." See 28 U.S.C. § 1631.  The Court will decline to transfer Petitioner's claim as it relates to compassionate release to his sentencing court because Petitioner has already filed such a motion in his sentencing court, and it was denied, with that court noting that he "was incarcerated for a violent criminal act and his criminal record is replete with prior incidents of criminal conduct, some of which followed shortly after he completed periods of incarceration." See United States v. DeMartino, No. 03-cr-285, Doc. 234 at 2 (E.D.N.Y.) (noting further that "[e]vidence at a two-week jury trial in 2004 established that Mr. DeMartino, a 'made' member of the Colombo crime family, was the gunman in the shooting and attempted murder of Joseph Campanella, a Colombo family 'soldier'").

### III.   CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed without prejudice.  An appropriate Order follows.